THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAJU J. MUKHI, | ) | |
| | ) | Case No. 4:22-cv-00280-MTS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BRIEF IN SUPPORT OF UNITED STATES' MOTION TO DISMISS**

The United States moves the Court to dismiss Mukhi's complaint without prejudice on prudential grounds because Mukhi is litigating the same and related claims in the U.S. Tax Court, and permitting this case to proceed risks conflicting rulings, is duplicative, and wastes the resources of the courts and the federal government. Moreover, dismissing the case without prejudice preserves Mukhi's choice of forum as he chose to litigate in both forums and can refile in district court if it ever becomes necessary.

In the alternative, the United States moves to dismiss 18 of the 22 counts in Mukhi's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule"). In this suit, the Court's subject matter jurisdiction is defined by the United States' waiver of sovereign immunity, which required Mukhi to full pay his assessed tax liabilities before filing an administrative refund claim with the IRS. Because Mukhi admits that he failed to do so, the Court lacks subject matter jurisdiction over 18 of Mukhi's refund claims.

1

# I.    Introduction

Mukhi earns income by manufacturing and selling uniforms around the world through his company, Contract Management Services LLC. (Compl. for Tax Refund and Abatement ("Compl.") ¶ 9, Ex. A p. 9).[1] In connection with his foreign business operations, Mukhi created three foreign entities: (1) Sukhmani Partners II Ltd. ("SPII"), (2) Sukhmani Gurkuh Nivas Foundation ("Foundation"), and (3) Gurdas International Ltd ("Gurdas"). *Id.* Under the names of these foreign entities, Mukhi opened foreign bank accounts with Clariden Leu and Goldman, Sachs & Company Bank, and used these accounts to conceal funds from the IRS. (Compl. ¶ 14, Ex. B part 1, p. 11.)

Subsequently, the IRS assessed three types of penalties against Mukhi in connection with his attempts to conceal foreign assets. First, the IRS assessed $120,000 of penalties against Mukhi for not disclosing his interest in SPII, a foreign corporation, on IRS Form 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations.[2] (Compl. ¶ 9, Ex. A, pp. 8-9.) Second, the IRS assessed $5,079,449 of penalties against

---

[1] Mukhi attached, and incorporated by reference, nearly 500 pages of exhibits to the Complaint that were allegedly submitted to the IRS as part of his claim for refund and request for abatement on Form 843. (Compl. ¶¶ 9, 14, 18.)

[2] Under 26 U.S.C. ("I.R.C.") § 6038(a) and 26 C.F.R. ("Treas. Reg.") § 1.6038-2(a) and (b), a U.S. person is required to file a Form 5471, "Information Return of U.S. Persons With Respect to Certain Foreign Corporations," for each year that the person has control of a foreign corporation. The Treasury Regulation provide that a person has control of a foreign corporation if he owns more than 50 percent of the voting power or 50 percent of the value of all classes of stock of such a corporation. Treas. Reg. § 1.6038-2(b). IRS Form 5471 is required to be filed with the U.S. person's federal income tax return by the date the tax return is due, including any extensions. Treas. Reg. § 1.6038-2(i). For each year that a Form 5471 is not timely filed, a $10,000 penalty is imposed. I.R.C. § 6038(b)(1).

Mukhi for not reporting the contributions he made and the distributions he received from the Foundation, a foreign trust, on Form 3520, Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts.[3] (Compl. ¶ 14, Ex. B part 2, pp. 9-17.) Third, the IRS assessed $5,920,419 of penalties against Mukhi for failing to disclose his interest in Foundation, a foreign trust, on Form 3520-A, Annual Information Return of Foreign Trust with a U.S. Owner.[4] (*Id.* at pp. 12-17.)

In this case, Mukhi seeks a refund and abatement of the 22 Form 5471, Form 3520, and Form 3520-A penalties discussed above and set forth in the chart below:

| Count | Penalty (I.R.C. §) | Form | Year | Assessed Amount | Amount Paid | Compl. Reference |
|---|---|---|---|---|---|---|
| I | § 6038 | 5471 | 2002 | $10,000 | $10,000 | ¶¶ 22-27 |
| II | § 6038 | 5471 | 2003 | $10,000 | $10,000 | ¶¶ 28-33 |
| III | § 6038 | 5471 | 2004 | $10,000 | $10,000 | ¶¶ 34-39 |
| IV | § 6038 | 5471 | 2005 | $10,000 | $5,000 | ¶¶ 40-45 |
| V | § 6038 | 5471 | 2006 | $10,000 | $5,000 | ¶¶ 46-51 |
| VI | § 6038 | 5471 | 2007 | $10,000 | $5,000 | ¶¶ 52-57 |

---

[3] Under I.R.C. § 6048(a) and (c), a U.S. person must report information about (1) creation of a foreign trust; (2) transfer of money or property to a foreign trust; or (3) distribution received, directly or indirectly, from a foreign trust. The required information is generally filed on IRS Form 3520. Failure to report such information results in penalties of $10,000 or 35% of the value of the property involved in the unreported transfer or distribution, whichever is greater, under I.R.C. § 6677(a).

Section 6048(b) requires anyone who is treated as the owner of a foreign trust under the grantor trust rules of I.R.C. §§ 671-679 to annually submit "such information as the Secretary may prescribe with respect to such trust for such year." Grantors of trusts provide the necessary information on IRS Form 3520-A. Failure to report such information results in penalties of $10,000 or 5% of the gross value of the trust's assets, whichever is greater, under I.R.C. § 6677(b). A U.S. person may avoid § 6677 penalties by demonstrating reasonable cause, and not willful neglect, for failing to timely file the requisite forms. *See* I.R.C. § 6677(d).

[4] *See supra* note 3.

| Count | Penalty (I.R.C. §) | Form | Year | Assessed Amount | Amount Paid | Compl. Reference |
|---|---|---|---|---|---|---|
| VII | § 6038 | 5471 | 2008 | $10,000 | $5,000 | ¶¶ 58-63 |
| VIII | § 6038 | 5471 | 2009 | $10,000 | $5,000 | ¶¶ 64-69 |
| IX | § 6038 | 5471 | 2010 | $10,000 | $5,000 | ¶¶ 70-75 |
| X | § 6038 | 5471 | 2011 | $10,000 | $5,000 | ¶¶ 76-81 |
| XI | § 6038 | 5471 | 2012 | $10,000 | $5,000 | ¶¶ 82-87 |
| XII | § 6038 | 5471 | 2013 | $10,000 | $5,000 | ¶¶ 88-93 |
| XIII | § 6677 | 3520 | 2005 | $1,639,975 | $5,000 | ¶¶ 94-99 |
| XIV | § 6677 | 3520 | 2006 | $991,148 | $5,000 | ¶¶ 100-105 |
| XV | § 6677 | 3520 | 2007 | $798,624 | $5,000 | ¶¶ 106-111 |
| XVI | § 6677 | 3520 | 2008 | $1,649,702 | $5,000 | ¶¶ 112-117 |
| XVII | § 6677 | 3520-A | 2005 | $791,273 | $5,000 | ¶¶ 118-123 |
| XVIII | § 6677 | 3520-A | 2006 | $2,281,882 | $5,000 | ¶¶ 124-129 |
| XIX | § 6677 | 3520-A | 2007 | $2,137,028 | $5,000 | ¶¶ 130-135 |
| XX | § 6677 | 3520-A | 2008 | $469,496 | $5,000 | ¶¶ 136-141 |
| XXI | § 6677 | 3520-A | 2009 | $118,118 | $118,118 | ¶¶ 142-147 |
| XXII | § 6677 | 3520-A | 2010 | $122,622 | $5,000 | ¶¶ 148-153 |

Mukhi alleges that he is not liable for any of the penalties assessed against him. He maintains that: (1) the government cannot sustain its burden of proving that he had an obligation to file Forms 5471, 3520, or 3520-A ("burden of proof claim"); (2) the government's assertion of penalties is inconsistent with its position in a prior proceeding against Mukhi ("inconsistency defense"); and (3) to the extent he was required to file the above identified forms, he had reasonable cause for his failure to file them ("reasonable cause defense"). (Compl. ¶¶ 10, 15.) Mukhi also claims that the penalties violate his rights under the Fifth and Eighth Amendments of the U.S. Constitution ("constitutional defense"), and that those penalties were improperly calculated ("improper calculation claim"). (*Id.* ¶ 15.)

However, Mukhi is *litigating these same exact claims and related ones* in Tax Court. Specifically, on March 9, 2022, Mukhi filed a petition in Tax Court that asserts the same

burden of proof claim, inconsistency defense, reasonable cause defense, constitutional defense, and improper calculation claim (collectively, the "Penalty Issue") that he makes here. (Decl. of Priyanka Cohen ("Cohen Decl."), ¶ 4, Ex. 2, Tax Court Petition dated March 9, 2022, ¶¶ 5(f),(g),(h),(j),(k),(l).)[5] Moreover, Mukhi's Tax Court case involves two related matters over which only the Tax Court has subject matter jurisdiction: (1) that prior to his Tax Court case, Mukhi allegedly did not receive an "independent" Collections Due Process Hearing before the IRS Independent Office of Appeals ("CDP Issue"); and (2) the merits of Mukhi's 2005-2010 federal income tax and civil fraud penalty liabilities ("Merits Issue"), which involve common issues of fact and evidence as the issues in this case.[6] (Cohen Decl., ¶¶ 4-5, Ex. 2). Allowing both this case and the Tax Court case to proceed simultaneously risks conflicting judgements, is duplicative, and wastes the resources of the courts and the federal government.

Finally, the Court lacks subject matter jurisdiction over 18 of Mukhi's 22 counts because, as he admits, Mukhi did not full pay his 2005-2013 Form 5471 penalties (Counts IV-XII), his 2005-2008 Form 3520 penalties (Counts XIII-XVI) and his 2005-2008 and 2010 Form 3520-A penalties (Counts XVII-XX and XXII) before filing his administrative

---

[5] The Court may take judicial notice of cited Tax Court filings pursuant to Fed. R. Evid. 201. *See*, *e.g.*, *Frlekin v. Apple, Inc*., 979 F.3d 639, 643 n. 1 (9th Cir. 2020) (district court took judicial notice of state court filings).

[6] On March 9, 2022, Mukhi filed his petition with the Tax Court to litigate the Penalty Issue and the CDP Issue. (Cohen Decl., ¶¶ 4-5, Ex. 2) Almost three years prior, on August 19, 2019, Mukhi filed a petition with the Tax Court to litigate Merits Issue. (Cohen Decl., ¶ 3, Ex. 1.) On May 22, 2022, the Tax Court consolidated the petitions because both cases involve the same issues and evidence. (Cohen Decl., ¶¶ 6-7, Ex. 3-4.)

refund claim with the IRS or before filing this suit. (Compl. ¶¶ 11, 12, 14; *see supra* chart.) This failure deprives the Court of subject matter jurisdiction over these 18 counts because the government's waiver of sovereign immunity for a refund claim is conditioned upon the taxpayer full paying the assessed penalty before filing an administrative refund claim with the IRS and a refund suit in district court, which Mukhi did not do.

## II.     Argument

### A.   The Court should dismiss this case on prudential grounds because identical cases cannot be litigated simultaneously in federal court.

Mukhi seeks to litigate the Penalty Issue—his burden of proof claim, inconsistency defense, reasonable cause defense, constitutional defense, and improper calculation claim—in two federal courts, here and in Tax Court. (Compl.; Cohen Decl., ¶¶ 4-5, Ex. 2.) This is impermissible. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (identical or substantially similar issues cannot be litigated simultaneously in two different federal courts); *accord Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017). For the reasons that follow, the Court should dismiss this case without prejudice.

Typically, the first-filed presumption determines which of two substantially identical cases should proceed. *See*, *e.g.*, *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) ("The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case)(internal citation omitted). "The first-filed rule seeks to advance judicial economy, protect a plaintiff's choice of forum and avoid duplicative litigation. It also protects parties

from the considerable expense and potential for inconsistent judgments that duplicate litigation entails." *Reliance Ins. Co. v. Six Star, Inc*., 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001) (internal citations omitted). However, this presumption is not applied mechanically, and is overcome when special or compelling circumstances support its abrogation. *Id*., *see also Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (finding compelling circumstances existed for court to refuse to apply the first-filed rule). Such special and compelling circumstances exist here and require that the case be dismissed without prejudice. *See*, *e.g., Orthmann v. Apple River Campground, Inc*., 765 F.2d 119, 121 (8th Cir. 1985) (holding that the rule "is not intended to be rigid, mechanical, or inflexible," and thus determining that second filed case should proceed because it was further developed and there were no objections to jurisdiction).

1. The Tax Court Litigation Promotes Judicial Economy

Letting the Tax Court case proceed advances judicial economy. By the time Mukhi filed this case to litigate the Penalty Issue— a mere 24 hours before he petitioned the Tax Court to hear the same—Mukhi had been litigating the Merits Issue, a matter involving the same facts and evidence as this case, in Tax Court for two and a half years. (Cohen Decl., ¶ 3, Ex. 1.) There is no reason to relitigate these matters and risk conflicting rulings. *See*, *e.g., Northwest Airlines, Inc.*, 989 F.2d at 1006 (Allowing two cases to go on simultaneously "disserves judicial economy and opens up a potential for conflicting rulings as two separate courts grapple with the same controversy").

Moreover, letting the Tax Court litigation proceed advances judicial economy because the Tax Court is the only venue that can hear all three matters. First, as explained

below, this Court lacks subject matter jurisdiction over 18 of the 22 counts involved with the Penalty Issue in this case. Second, only the Tax Court can adjudicate the CDP Issue—i.e., whether the IRS Independent Office of Appeals sufficiently reviewed the Form 5471, 3520, and 3520-A penalties and the IRS's bases for collecting them. *See*, *e.g.*, *Kuretski v. Comm'r*, 755 F.3d 929, 937 (D.C. Cir. 2014) (citing I.R.C. § 6330(d)(1)) ("[T]he Tax Court [has] exclusive jurisdiction over collection due process appeals."). Finally, the Merits Issue, which Muhki initiated in Tax Court upon receiving a notice of deficiency, can only be litigated in the Tax Court. *See*, *e.g.*, *Bartman v. Comm'r*, 446 F.3d 785, 787 (8th Cir. 2006) (Congress provided taxpayers two venues for litigating tax liabilities: (1) a prepayment or deficiency litigation option exists solely in Tax Court; and (2) refund litigation (i.e., after full payment) exists solely in district court),

For all of these reasons, this case should be dismissed without prejudice because the Tax Court litigation involves the same issues and evidence and this Court lacks subject matter jurisdiction over the Merits Issue, the CDP Issue, and 18 of the 22 counts involved in the Penalty Issue.

2.    <u>Dismissal Preserves the Mukhi's Choice of Forum</u>

Dismissing this case without prejudice protects Mukhi's choice of forum. For starters, Mukhi is the one who asserted the same claims in two different federal courts. In many situations involving simultaneous litigation, courts wrestle with efforts by one party to deprive the other of its chosen forum. *See*, *e.g.*, *Orthmann*, 765 F.2d at 121 (district court balanced jurisdictional and other disputes before allowing second filed case to proceed).

8

But that is not the case here because Mukhi filed this district court case when there was no reason to do so.

For context, the statute of limitations for filing a refund suit in district court expires two years after the IRS denies a taxpayer's administrative refund claim. *See* I.R.C. § 6532(a)(1). But Mukhi admits that the IRS never denied his administrative refund claim. (Compl. ¶ 21.) As such, there was no reason for Mukhi to file this refund suit when he did, and he can refile it after the Tax Court litigation concludes or within two years of the IRS denying his administrative refund claims, should that happen. *See* I.R.C. § 6532(a)(1). Therefore, dismissing this case without prejudice neither prejudices Mukhi nor frustrates his choice of forum. *See, e.g.*, *Budd Co. v. U.S. Dep't of Transp.*, 89 F.R.D. 555, 559 (E.D. Pa. 1981) (dismissal without prejudice did not deprive litigant of choice of forum when there was no risk of an expiring statute of limitations).

3.   <u>Dismissal avoids duplicative litigation and protects the American public's interest in avoiding unnecessary litigation costs</u>

The Court should reject Mukhi's attempt to make the government waste taxpayer money by litigating the same issues in two different federal courts. First, Mukhi's decision to litigate in Tax Court and district court necessarily increases litigation costs because different agencies practice in each venue—i.e., attorneys from the IRS represent the government's interests in Tax Court while attorneys from the Department of Justice, Tax Division represent the government's interests in district court. *See*, *e.g.*, Gerald A. Kafka & Rita A. Cavanagh, Lit. Fed. Civ. Tax Controversies ¶ 1.09 Government Attorneys (Warren, Gorham & Lamont 2d ed. 2005), Westlaw 1999 WL 629402. Moreover, should

both cases proceed, unnecessary litigation costs are guaranteed because different procedural and discovery rules would govern each case, thus necessarily requiring additional attorney work and increasing the probability of conflicting findings. *See*, *e.g.*, *id*. ¶ 1.08 Procedural Rules, Westlaw 1999 WL 629401. Such waste would violate the recognized interest that the American public has in avoiding unnecessary court and government expenses in litigation. *See Godfrey v. Branstad*, 56 F. Supp. 3d 976, 984 (S.D. Iowa 2014) (concluding that "[r]equiring the parties to litigate parallel claims simultaneously in two different courts . . . adds unnecessary time and cost to the parties and the courts. [While] [p]ermitting this case to proceed expeditiously in one court avoids these risks."); *see also*, *Chapman v. Fed. Bureau of Prisons*, 2015 WL 4574863, at *4 (D. Colo. 2015) (in a case involving a discovery dispute: "the public has an interest in conserving judicial resources"). The Court should dismiss the case without prejudice to protect the interests of the American public in avoiding unnecessary litigation costs.

  4. <u>Conclusion</u>

   The foregoing demonstrates that there is no reason for this case to proceed now. The Tax Court is the only jurisdiction that can give Mukhi all of the relief he seeks. This Court cannot. Therefore, dismissing this case without prejudice and allowing the Tax Court case to proceed advances judicial economy, protects Mukhi's choice of forum, and avoids the considerable expense and potential for conflicting rulings that duplicate litigation entails.

**B.   This Court lacks subject matter jurisdiction over the majority of Mukhi's claims.**

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). The plaintiff bears the burden to establish that the court has subject matter jurisdiction. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). Here, the government makes a facial attack on the Complaint, and thus the Court must restrict itself "to the fact of the pleadings, and the non-moving party receives the same protections as it would defending a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Dismissal is proper "when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." *Wheeler v. St. Louis S.W. Ry.*, 90 F.3d 327, 329 (8th Cir. 1996).

1. The Court lacks subject matter jurisdiction because government has not waived sovereign immunity

The United States, as sovereign, cannot be sued unless it consents to be sued, and the terms of that consent define the court's jurisdiction. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Moreover, a waiver of the United States' sovereign immunity is to be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Court lacks subject matter jurisdiction over 18 counts in Mukhi's Complaint because the United States has not waived its sovereign immunity with respect to them. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.")

In tax refund cases, the United States only waives its sovereign immunity when the taxpayer satisfies three jurisdictional prerequisites. *See* 28 U.S.C. § 1346; *United States v. Dalm*, 494 U.S. 596, 601 (1990). First, the taxpayer must pay the full contested amount. *See* I.R.C. § 7422(a); *Flora v. United States*, 357 U.S. 63, 75-76 (1958), *aff'd on rehearing*, 362 U.S. 145 (1960); *Barse v. United States*, 957 F.3d 883, 886 (8th Cir. 2020); *Est. of Davenport v. United States*, 736 F. Supp. 2d 1087, 1091 (E.D. Mich. 2010) (collecting cases).[7] Second, the taxpayer must file a valid administrative refund claim with the IRS. *See* 26 I.R.C. § 7422(a); *Dalm*, 494 U.S. at 601-02. Third, the IRS must have denied the claim or six months must have passed since the claim was filed with no IRS response. *See, e.g.*, *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citing 26 I.R.C. §§ 6532(a)(1), 7422(a)). A taxpayer's failure to comply with these requirements deprives the Court of subject matter jurisdiction. *See, e.g.*, *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7-8 (2008) (timely filed refund claim is a condition precedent for refund jurisdiction); *Gaynor v. United States*, 150 Fed. Cl. 519, 537 (2020) (court lacked subject matter jurisdiction because taxpayer did not comply with § 6532(a)'s six-month requirement or comply with the *Flora* "full payment rule").

As particularly relevant in this case, taxpayer must "pay the penalty, request a refund from the IRS, and, if unsuccessful, sue to recover a refund." *Diversified Grp. Inc. v. United*

---

[7] A narrow exception to the *Flora* full payment rule exists when the disputed liabilities are over a "divisible tax." *Univ. of Chicago v. United States*, 547 F.3d 773, 785 (7th Cir. 2008); *Peppers v. United States*, 486 Fed. App. 85, 87 (6th Cir. 2012); *Cencast Serv., L.P. v. United States*, 729 F.3d 1352, 1366 (Fed. Cir. 2013). This exception does not apply here, as is more fully discussed *infra*.

*States*, 841 F.3d 975, 980-81 (Fed. Cir. 2016) (citations omitted); *see also Larson v. United States*, 888 F.3d 578, 581 (2d Cir. 2018) (The full payment rule also encompasses penalty assessments).

Here, Mukhi admits that *he did not pay* the assessed penalties identified in Counts IV through XX and XXII of his Complaint, and instead he has only paid (1) $5000 of the $10,000 penalty imposed on him for failure to file Form 5471 for years 2005 through 2013, (2) $20,000 of the $5,079,449 of penalties assessed for failure to timely file Form 3520, and (3) $143,118 of the $5,920,419 of penalties assessed for failure to timely file Form 3520-A. (*See supra* chart.) Thus, the Court lacks subject matter jurisdiction over these 18 counts and must dismiss them under Rule 12(b)(1). *See* I.R.C § 7422(a); *Flora*, 357 U.S. at 75-76; *Barse*, 957 F.3d at 886.

### 2. There are no exceptions to the *Flora* full payment rule for Form 5471, 3520, and 3520-A penalties.

There are limited exceptions to the *Flora* full payment rule if the liabilities at issue are divisible taxes. Divisible "taxes or penalties . . . are seen as merely the sum of several independent assessments triggered by separate transactions. In such cases, the taxpayer may pay the full amount on one transaction, sue for a refund for that transaction, and have the outcome of this suit determine his liability for all the other, similar transactions." *Diversified Grp. Inc. v. United States*, 123 Fed. Cl. 442, 451 (Fed. Cl. 2015), *aff'd*, 841 F.3d 975 (Fed. Cir. 2016). In other words, if a portion of tax assessment was paid, and that portion of the payment could be deemed divisible from the outstanding balance, then the full payment rule would not prohibit recovery of the partial payment because some "*other*

outstanding amount remained." *Gaynor*, 150 Fed. Cl. at 532. However, the exceptions to the full payment rule are limited to subset of cases "recognized by the court" as exception to the ordinary full payment rule. *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1995).

The $10,000 penalty under I.R.C. § 6038(b) does not qualify for the exception to the full payment rule because it is triggered by the *singular* event of failing to file a timely Form 5471 that is "not divisible for any reason." *Gaynor*, 150 Fed. Cl. at 533. Similarly, there is no exception to the full payment rule for the penalties imposed under I.R.C. § 6677 because those too are triggered by the taxpayer's singular failure to file timely file Forms 3520 and 3520-A. Nor has Congress excepted such penalties from the full payment requirement, as it has for other penalties. *See*, *e.g.*, I.R.C. §§ 6694(c)(1), 6703(c)(1) (permitting a refund action after payment of 15% of specified assessable penalties). The clear implication here is that Congress intended taxpayers owing I.R.C. §§ 6038(b) and 6677 penalties to pay them in full before seeking refunds in district court. *See*, *e.g.*, *Loughrin v. United States,* 573 U.S. 351, 358 (2014) ("[W]hen Congress includes particular language [e.g., the 15% exception] in one section of a statute but omits it in another . . . this Court presumes that Congress intended a difference in meaning.") (internal citation and punctuation omitted); *see also In re Griffith*, 206 F.3d 1389, 1394 (11th Cir. 2000) ("Where Congress knows how to say something but chooses not to, its silence is controlling.") (internal citation omitted).

Consistent with congressional intent, courts have routinely dismissed refund actions challenging assessed penalties where the full payment requirement has not been met. *See,*

14

*e.g.*, *Gaynor*, 150 Fed. Cl. at 533-536; *Diversified Grp. Inc.*, 123 Fed. Cl. at 451; *Nasharr v. United States*, 105 Fed. Cl. 114, 119 (2012); *Dewees v. United States*, 272 F. Supp. 3d 96, 102 (D.D.C. 2017) ("Full payment of the amount owed followed by lawsuit in district court seeking a refund is proper procedure for challenging penalties assessed under § 6038."); *Wheaton v. United States*, 808 F. Supp. 622, 627 (D.N.J. 1995) ("Plaintiff's only remaining avenue to challenge the § 6038(b) penalty is to pay the amount at issue and then sue for a refund."). This is another such case that should meet the same fate because Mukhi failed to fully pay the assessed penalties under §§ 6038(b) and 6677.

### III.    Conclusion

The Court should dismiss Mukhi's complaint without prejudice on prudential grounds because Mukhi is litigating the same and related claims in the U.S. Tax Court, and permitting this case to proceed risks conflicting rulings, is duplicative, and wastes the resources of the courts and the federal government. In the alternative, the Court should dismiss Counts IV through XX and XXII of Mukhi's Complaint because the United States has not waived sovereign immunity for such claims, and thus the Court lacks subject matter jurisdiction over them.

//

//

//

//

//

//

15

Date:  August 22, 2022                          SAYLER A. FLEMING
                                                United States Attorney

                                                DAVID A. HUBBERT
                                                Deputy Assistant Attorney General

                                                /s/ *Priyanka D. Cohen*
                                                JAMES F. BRESNAHAN II
                                                Virginia Bar No. 80164
                                                PRIYANKA D. COHEN
                                                D.C. Bar No.: 1602382
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Ben Franklin Station
                                                P.O. Box 7238
                                                Washington, DC 20044
                                                Telephone: (202) 616-9067 (Bresnahan)
                                                Telephone: (202) 514-1273(Cohen)
                                                Fax: (202) 514-6770
                                                james.f.bresnahan@usdoj.gov
                                                priyanka.d.cohen@usdoj.gov