UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAJU J. MUKHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-280-MTS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant the United States of America's Motion to Dismiss, Doc. [10], Plaintiff's Complaint ("Complaint"), Doc. [1], pursuant to abstention, or alternatively, Federal Rule of Civil Procedure 12(b)(1).  This case concerns claims by Plaintiff Raju Mukhi against Defendant the United States of America (the "Government") for a tax refund under Section 7422 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 7422.  Specifically, Plaintiff seeks a refund for tax penalties assessed against him due to his failure to file Internal Revenue Service ("IRS") Forms 5471, 3520, and 3520-A in a timely manner.  Plaintiff is also currently litigating, among several other issues, the IRS's assessment of penalties associated with his failure to file Forms 5471, 3520, and 3520-A in the United States Tax Court ("Tax Court Case").[1]  In the current Motion, the Government seeks to dismiss Plaintiff's Complaint in its entirety without prejudice based on abstention principals, or in the alternative, to dismiss eighteen of the twenty-two counts in Plaintiff's Complaint for lack of subject matter jurisdiction.  Doc. [10].  The matter is fully briefed.  *See* Docs. [10–11], [16–17].  The Court also heard oral arguments on the Motion.  Doc.

---

[1] Plaintiff is currently litigating three matters in the United States Tax Court.  In May 2022, the Tax Court consolidated Plaintiff's claims from 2019 with his claims from 2022 because both cases involved the same issues and evidence.

1

[19].  For the reasons that follow, the Court denies the Government's Motion, but issues a temporary stay of Plaintiff's action in this Court.

There is no dispute that this action and the Tax Court Case concern overlapping issues and parties. *Ritchie Cap. Mgmt., LLC v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (explaining a federal court should abstain in favor of an action in another federal court "when proceedings are duplicative because of the overlapping issues and parties").  On this basis, the Government originally moved to dismiss Plaintiff's Complaint in its *entirety* without prejudice based on abstention.[2]  At oral argument, however, the Government entertained the idea of a stay, rather than dismissal.  The Court agrees and concludes that a stay is permitted under the circumstances. *See id.* at 665–66 (affirming district court's order abstaining jurisdiction over two concurrent federal cases but vacating the judgment dismissing the action because "the court should have stayed the action rather than dismiss it"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996) ("[w]e have applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether.").  This is true even "[w]here there is potential that [Plaintiff's] claims will not be resolved in the" Tax Court proceeding. *Ritchie*, 868 F.3d at 664–65 (explaining abstention based on full resolution of case in the other court is only necessary for concurrent state proceedings, as opposed to abstention based on concurrent federal proceedings).[3]  Rather, here, the Court

---

[2] This mater concerns federal concurrent jurisdiction. *See* 28 U.S.C. § 1346 ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority . . . .").

[3] In general, the Court notes that the standard applied to abstention between two federal courts is different than the standard applied to abstention between state court and federal court, which is stricter. *See Ritchie Cap. Mgmt., LLC v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (explaining the "stricter standard for abstention in favor of a state court" because "federal-federal abstention cases do not involve this risk of depriving a litigant of a federal forum, the standard for similarity is more flexible."); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("This difference in general approach between state-federal concurrent jurisdiction and wholly federal

2

concludes a stay is necessary based on wise judicial administration by avoiding "the 'unnecessary expenditure of scarce federal judicial resources' to address other issues that another federal court may well resolve." *Id.* (quoting *Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001); *see also id.* at 664 ("The district court correctly rooted its 'duplicative' determination in the relevant equitable considerations: conservation of judicial resources and comprehensive disposition of litigation." (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). For these reasons, the Court will temporarily stay this action while the Tax Court Case proceeds.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [10], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that all litigation and proceedings in this action are **STAYED** until there is a final decision in Plaintiff's Tax Court Case or when there is a final decision in Plaintiff's Tax Court Case that affects the litigation or resolution of this action. When a final decision as described is rendered, the parties shall provide the Court a status report within twenty-one (21) days of the final decision.

**IT IS FINALLY ORDERED** that the parties shall provide the Court a status report regarding the Tax Court Case by May 1, 2023. At that time, the Court will reconsider whether the action should remain stayed based on the reasons discussed in this Memorandum and Order.

Dated this 27th of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.").

3