# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RAJU J. MUKHI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:22-cv-00280 MTS |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S BRIEF REGARDING
## *FARHY V. COMM'R*

This Court ordered the parties to brief the effect of the Tax Court's opinion in *Farhy v. Comm'r*, 160 T.C. No. 6 (2023) ("*Farhy*") on this action and on the current stay in this proceeding. (Docs. 22, 24, 26). Plaintiff submits this memorandum in response to the Court's order.

## SUMMARY OF THIS CASE

Plaintiff sued the United States, pursuant to 26 U.S.C. §7422, for a refund of payments he made to the Internal Revenue Service ("IRS") following the IRS's assessment of various penalties against him. Counts I through XII of Plaintiff's Complaint relate to penalties assessed by the IRS due to Plaintiff's alleged failure to have filed, for tax years 2002 through 2013, Form 5471, "Information Return of U.S. Persons With Respect to Certain Foreign Corporations." Counts XIII through XVI relate to penalties assessed due to Plaintiff's alleged failure to have filed, for tax years 2005 through 2008, Form 3520. Counts XVII through XXII relate to penalties assessed due to Plaintiff's alleged failure to have filed, for tax years 2005 through 2010, Form 3520-A. In general, when a United States person has, or is believed to have, a relationship with a non-United States trust, Forms 3520 and 3520-A must be filed.

Focusing on Counts I through XII, the Form 5471 penalties, Plaintiff paid in full each of the $10,000 penalties assessed against him for tax years 2002 through 2004 (Counts I through III). Those payments resulted from Plaintiff prevailing in an unrelated refund suit filed in this Court relating to Plaintiff's Form 1040 for tax year 2011. *See Muhki v. United States*, Case No. 4:18-cv-02002-JMB (E.D.Mo.). In that action Plaintiff sought a refund of $30,000 he had overpaid towards his 2011 income tax liability. Ultimately, the United States agreed that Plaintiff should be refunded $30,000, plus interest. Instead of sending Plaintiff a check, however, the IRS applied the $30,000 to other obligations the IRS claimed Plaintiff owed. Specifically, the IRS applied $10,000 to Plaintiff's 2002 Form 5471 penalty, paying it in full; $10,000 to Plaintiff's 2003 Form 5471 penalty, paying it in full; and $10,000 to Plaintiff's 2004 Form 5471 penalty, paying it in full. In addition, Plaintiff paid $5,000 towards each of the $10,000 Form 5471 penalties for tax years 2005 through 2013.

This Court ordered that this action be stayed due to pending Tax Court litigation between Plaintiff and the United States. The Tax Court litigation consists of two cases which the Tax Court consolidated. The first case involves a determination of Plaintiff's income tax liability for the years 2005 through 2010. The second case, known as a collection due process, or "CDP" proceeding, involves the appropriateness of the IRS's use of liens and levies to attempt to collect the Form 5471, 3520 and 3520-A penalties allegedly owed by Plaintiff. *See generally* 26 U.S.C. §§6320, 6330. The CDP hearing in Plaintiff's case may consider Plaintiff's liability for the penalties and, in this case, Plaintiff has requested a review of the merits of the assessment. *See* 26 U.S.C. §§6330(c)(2)(B), 6320(c).

## THE *FARHY* DECISION

The Internal Revenue Code requires United States persons to report to the IRS certain information with respect to foreign corporations controlled by the United States person. *See* 26 U.S.C. §6038(a).  The Code also provides for a $10,000 penalty for failing to comply with this requirement. *Id.* at §6038(b).  The IRS has designated Form 5471 as the vehicle for the taxpayer to use to submit the required information.

In *Farhy*, the taxpayer argued that the IRS lacked statutory authority to **assess** the penalty for failing to file Form 5471.  The term "assess" carries with it an important meaning within the Internal Revenue Code. "Assessment is 'the formal recording of a taxpayer's tax liability.'" *Farhy*, 160 T.C. No. 6 at *3 (quoting *Baltic v. Comm'r*, 129 T.C. 178, 183 (2007)).  Assessment of a liability by the IRS then permits "the IRS [to] take certain actions to collect the tax administratively." *Farhy*, 160 T.C. No. 6 at *3.  The administrative tools open to the IRS following the assessment of a liability include levies and liens. *Id.* The absence of an assessment prevents the IRS from using administrative tools to collect a liability. *Id.* (citing *Goldston v. United States*, 104 F.3d 1198, 1200-01 (10th Cir. 1997)). In *Farhy*, the taxpayer argued "that there is no law giving the IRS authority to assess penalties under section 6038(b) and that while the United States may be able to collect liabilities for these penalties through a civil action, *see* 28 U.S.C. §2461(a), the IRS may not assess or administratively collect these penalties." *Farhy*, 160 T.C. No. 6 at *4.  The IRS disagreed.

The Tax Court held in favor of the taxpayer.  "We conclude that petitioner's reading of the Code is the correct one.  Congress has explicitly authorized assessment with respect to myriad penalty provisions in the Code, but not for section 6038(b) [Form 5471] penalties." *Id.*

3

Accordingly, the IRS may not collect a Form 5471 penalty from a taxpayer other than by a civil action.[1]

On July 24, 2023, the IRS filed its notice of appeal in *Farhy*. The case is now pending in the United States Court of Appeals for the District of Columbia Circuit, as Docket Number 23-1179.

## **IMPACT OF *FARHY* ON THIS CASE**

The penalties at issue in Counts I through XII of this case involve Plaintiff's alleged failure to File Form 5471. The IRS *assessed* those penalties against Plaintiff. The decision in *Farhy* now instructs that the IRS lacked statutory authority to make those assessments and that the only vehicle for the government to attempt to collect those penalties would be via civil action.

The government, however, has not pursued a civil action against Plaintiff. Rather, the IRS relied upon the administrative tools only available after an assessment. With respect to Counts I through III, the IRS, based on its assessments, took $30,000 it owed to Plaintiff because Plaintiff had overpaid his 2011 taxes and applied those funds to pay in full the Form 5471 penalties for 2002, 2003 and 2004. The IRS, however, lacked the statutory authority to take this action. These funds should be refunded to Plaintiff.

Plaintiff respectfully contends that this Court should set aside the stay it ordered herein – at least in part – because Plaintiff's Form 5471 penalties for 2002, 2003 and 2004 simply are not at issue in the litigation currently pending in the Tax Court between Plaintiff and the IRS. The Tax Court litigation involves (1) Plaintiff's liability for income taxes for the years 2005 through 2010 and (2) the CDP proceeding described above. *See supra* at pp. 1-2. Clearly the income tax dispute

---

[1] "Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action."  28 U.S.C. §2461(a).

(part (1)) does not relate to the Form 5471 penalties. And while the CDP proceeding (part (2)) involves, among other matters, Form 5471 penalties in general, the Form 5471 penalties for 2002, 2003 and 2004 are ***not*** at issue in the CDP proceeding because those penalties, having been paid in full, are not subject to collection activity by the IRS. Accordingly, the CDP proceeding will have no effect on the Form 5471 penalties for 2002, 2003 and 2004. Only this Court can grant Plaintiff relief as to those years.

With respect to Counts IV through XII (2005 through 2013), Plaintiff paid $5,000 of the $10,000 penalty assessed for each of those years. Again, *Farhy* holds that the IRS had no authority to assess those penalties. Those payments should also be refunded to Plaintiff. While the CDP proceeding in the Tax Court could adjudicate those years, Plaintiff respectfully contends that this Court should lift the stay as to those counts as well and allow the Form 5471 penalties to be resolved in this action – as it is the only forum which can resolve all Form 5471 penalties assessed against Plaintiff.[2]

---

[2] Plaintiff also respectfully notes that in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. #16), Plaintiff articulated a number of reasons why this Court should have denied the motion to dismiss filed by Defendant. While the Court did not grant the motion to dismiss, the Court allowed Defendant to argue in the alternative that the case be stayed, and the Court entered the stay. Plaintiff respectfully states that the reasons he stated in that pleading also militate against a stay, and Plaintiff respectfully invokes, without repeating, those arguments.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN
& SARACHAN, P.C.**

By: */s/ Sanford J. Boxerman*
      Sanford J. Boxerman #34736MO
      Michelle Feit Schwerin #62882MO
      Andrew W. Blackwell #64734MO
      8182 Maryland Ave, Fifteenth Floor
      St. Louis, MO  63105
      Telephone: (314) 721-7701
      Facsimile: (314) 721-0554
      boxerman@capessokol.com
      schwerin@capessokol.com
      blackwell@capessokol.com

***Attorneys for Plaintiff Raju J. Mukhi***

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served by filing a copy of the same with the Court's electronic filing system this 18th day of August, 2023.

                  */s/ Sandford J. Boxerman*